**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

Case No. 5:26-cv-03845-KES                              Date: July 13, 2026

Title:  EDUARD SAFARYAN v. TODD BLANCHE, et al.

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PETITIONER: | ATTORNEYS PRESENT FOR RESPONDENTS: |
|---|---|
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):      **Order DENYING Plaintiff's Ex Parte TRO Application (Dkt. 2)**

**I. BACKGROUND**

Since 2020, Petitioner Eduard Safaryan ("Petitioner") has had a final order of removal to his native country of Armenia.  (See case no. 5:26-cv-03445-KES ("Safaryan I), Dkt. 9 at 2; Dkt. 14 at 6.)

In Petitioner's prior case, Safaryan I, the Court granted relief on Ground 1 (detention without a statutory basis) and ordered him released on an order of supervision ("OSUP"). (Safaryan I, Dkt. 14.)  The Court also noted, "This Order does not address a situation in which DHS diligently obtains travel documents and arrests a noncitizen in order to swiftly effectuate their removal based on those travel documents.  In the present case, although Petitioner has been detained for about a month, Respondents have not provided a description or evidence of any such efforts or any estimate of when his removal might occur."  (Id. at 13, n.7.)

In the instant case, Petitioner explains that he was released on OSUP on July 8, 2026. (Dkt. 1, ¶ 8.)  When he reported to ICE as directed on July 10, he was re-detained.  (Id. ¶ 10.) Ice issued him a Notice of Revocation "indicating the revocation of Petitioner's OSUP was justified by changed circumstances, namely, the issuance of a travel document."  (Id.)  Later that afternoon, counsel for the government sent Petitioner's counsel a copy of the travel documents. (Id. ¶ 12.)  His removal to Armenia is scheduled for 7/26/26.  (Dkt. 1-1 at 67.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-00181-TJH-KES                                    Date: July 13, 2026
                                                                                                Page 2

As Ground 1, Petitioner argues that the travel documents are not really a changed circumstance because they were issued in June 2026.  (Dkt. 1, ¶ 30.)

As Ground 2, Petitioner argues that the revocation of his OSUP was procedurally improper because the specific person who signed the Notice of Revocation lacked authority to do so.  (Id., ¶ 33.)

As Ground 3, Petitioner argues that he re-detention violated due process because he was entitled to a pre-custody determination of whether detention is justified based on danger or flight risk.  (Id., ¶¶ 35-37.)

Petitioner seeks an order releasing him on OSUP again.  (Id. at 14-15.)

Along with the Petition, Petitioner filed an ex parte Temporary Restraining Order ("TRO") Application seeking immediate release on OSUP.  (Dkt. 2-1.)

## II. LEGAL STANDARD

For the Court to grant a TRO, the moving party must show: (1) that he is "likely to succeed on the merits" of his underlying claim, (2) that he is "likely to suffer irreparable harm in the absence of preliminary relief," (3) that "the balance of equities tips in his favor," and (4) that the requested injunction "is in the public interest."  Winter v. Nat. Res. Def. Council, 555 U.S. 7, 20 (2008).  The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.  See Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  The Court need not consider all of the Winter factors if the moving party fails to make the required showing as to one or more factors.

## III. ANALYSIS

Petitioner has not shown that he is likely to succeed on the merits of Ground 1.  He does not dispute that ICE had authority to revoke his OSUP and re-detain him based on a change in circumstances, such as Armenia's issuance of travel documents.  Instead, he disputes that this is a true change because the travel documents were issued in June 2026 while Safaryan I was still pending.  This, however, appears to be exactly the kind of changed circumstance that the Court contemplated in Footnote Seven of its order in Safaryan I.  No one previously told the Court that Armenia had issued travel documents and that ICE had scheduled a date for Petitioner's removal in July 2026

As for Ground 2, Petitioner has not shown that this alleged violation would likely merit an order of release since, even if true, could be corrected after-the-fact and does not implicate ICE's authority to remove Petitioner.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-00181-TJH-KES                              Date: July 13, 2026
                                                                              Page 3

   As for Ground 3, Petitioner again has not shown that he is likely to succeed on the merits. Petitioner does not cite law that if ICE has already obtained travel documents and seeks to detain a noncitizen to effectuate a prompt removal within a few weeks, ICE cannot do so unless they first determine that the noncitizen is a danger or a flight risk.

**IV. CONCLUSION**

   For the reasons discussed above, Petitioner's TRO Application is DENIED without prejudice.  The Court will consider the merits of the Petition after receiving briefing per the General Order 26-05 and Briefing Schedule.  (Dkt. 7.)

Initials of Deputy Clerk <u>JD</u>